UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

STEPHANIE THOMAS,

                 Plaintiff,

   -against-

NEW YORK CITY FIRE DEPARTMENT,

                 Defendant.

----------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 27 2011

BROOKLYN OFFICE

**ORDER**
**11 CV 5978 (BMC)(LB)**

**BLOOM, United States Magistrate Judge:**

The Honorable Brian M. Cogan assigned this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practices of Magistrate Judge Lois Bloom." Both plaintiff and defendant are required to follow these rules. Plaintiff is to provide a copy of this Order and the enclosed rules to defendant along with the summons and complaint.

The Court's records reflect that the complaint in this action was filed on December 6, 2011. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon the defendant by April 4, 2012 or plaintiff fails to show good cause why such service has not been effected, it will be recommended that the Court should dismiss this action without prejudice.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

SO ORDERED.

                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: December 22, 2011
       Brooklyn, New York

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE LOIS BLOOM

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 260-4590

Unless otherwise ordered by Judge Bloom in a specific case, matters before Judge Bloom shall be conducted in accordance with the following practices:

## 1. Communications with Chambers

### A. Letters
Except as provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all parties. Copies of correspondence between parties shall not be sent to the Court. The Court will not consider any *ex parte* correspondence or documents.

### B. Telephone Calls
Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call chambers at (718) 260-4590. There shall be no *ex parte* telephone calls to chambers, unless concerning the scheduling of matters or as otherwise permitted by these rules.

### C. Faxes
Faxes to chambers are not permitted unless prior authorization is obtained.

### D. Docketing, Scheduling, and Calendar Matters
For docketing, scheduling and calendar matters, call Motria Kuzycz at (718) 260-2544 between 9:00 - 5:00.

### E. Interpreter Services
Litigants are advised that interpreter services are not provided by the Court in civil cases. If a party speaks a language other than English, the party must make their own arrangements to conduct their case in English. A party may bring an English-speaking friend or family member to court conferences.

### F. Request for Adjournments or Extensions of Time
All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.

1

If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling order must be attached. If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance. Extension requests must generally be made reasonably in advance of the deadline or date sought to be extended.

### G. Change of Address

Parties shall keep the Court apprised of their current address and telephone number. If a party changes address, he/she shall immediately notify the Court and his/her adversary in writing. If a party fails to keep the Court apprised of his/her current address, the case may be dismissed.

## 2. Motions

### A. Pre-Motion Conferences in Civil Cases

For discovery motions, follow Local Civil Rules 37.3 and 6.4. For motions other than discovery motions, pre-motion conferences are not required.

### B. Courtesy Copies

Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

### C. Memoranda of Law

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.

### D. Filing Motion Papers

Motion papers shall be filed promptly after service.

### E. Oral argument on Motions

Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

### F. Briefing Schedule

Papers in opposition to a motion are to be served two weeks after service of the motion and reply papers (if any) one week thereafter, unless a different schedule has been ordered by the Court. *See* Fed. R. Civ. P. 6(a).

## 3. Pretrial Procedures

### A. Pretrial Orders in Civil Cases

When directed by the Court, the parties shall separately submit a proposed pretrial

2

order, which shall include the following:

    i. The full caption of the action.

    ii. The names, addresses (including firm names), telephone and fax numbers of trial counsel and the pro se party.

    iii. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.

    iv. A statement by each party as to whether the case is to be tried with or without a jury, and the number of days needed.

    v. Any stipulations or statements of fact or law which have been agreed to by all parties.

    vi. A list of the names and addresses of all witnesses, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

    vii. A list of exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties who will be offering them.

Case 1:11-cv-05978-BMC-LB   Document 5   Filed 12/27/11   Page 5 of 6 PageID #: 21

*Miles v. Department of the Army,* 881 F.2d 777 (9th Cir. 1989), *Barsten v. Department of the Interior,* 896 F.2d 422 (9th Cir. 1990); *Brown v. Georgia Dept. of Revenue,* 881 F.2d 1018 (11th Cir. 1989).

### 1993 Amendments

The amendment conforms the cross reference to Rule 4 to the revision of that rule.

### HISTORICAL NOTES

**Effective and Applicability Provisions**

1991 Act. Section 11(a) of Pub.L. 102–198 amended subd. (c)(3) of this rule, as transmitted to the Congress by the Supreme Court pursuant to section 2074 of title 28, United States Code, to become effective on December 1, 1991.

## Rule 16. Pretrial Conferences; Scheduling; Management

**(a) Pretrial Conferences; Objectives.** In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as

(1) expediting the disposition of the action;

(2) establishing early and continuing control so that the case will not be protracted because of lack of management;

(3) discouraging wasteful pretrial activities;

(4) improving the quality of the trial through more thorough preparation, and;

(5) facilitating the settlement of the case.

**(b) Scheduling and Planning.** Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

(2) to file motions; and

(3) to complete discovery.

The scheduling order may also include

(4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

(5) the date or dates for conferences before trial, a final pretrial conference, and trial; and

(6) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

**(c) Subjects for Consideration at Pretrial Conferences.** At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to

(1) the formulation and simplification of the issues, including the elimination of frivolous claims or defenses;

(2) the necessity or desirability of amendments to the pleadings;

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence;

(4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

(5) the appropriateness and timing of summary adjudication under Rule 56;

(6) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37;

(7) the identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial;

(8) the advisability of referring matters to a magistrate judge or master;

(9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule;

(10) the form and substance of the pretrial order;

(11) the disposition of pending motions;

(12) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

(13) an order for a separate trial pursuant to Rule 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or with respect to any particular issue in the case;

(14) an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Rule 50(a) or a judgment on partial findings under Rule 52(c);

Case 1:11-cv-05978-BMC-LB   Document 5   Filed 12/27/11   Page 6 of 6 PageID #: 22

(15) an order establishing a reasonable limit on the time allowed for presenting evidence; and

(16) such other matters as may facilitate the just, speedy, and inexpensive disposition of the action. At least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. If appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute.

(d) Final Pretrial Conference. Any final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances. The participants at any such conference shall formulate a plan for trial, including a program for facilitating the admission of evidence. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

(e) Pretrial Orders. After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993.)

## ADVISORY COMMITTEE NOTES

### 1937 Adoption

1. Similar rules of pre-trial procedure are now in force in Boston, Cleveland, Detroit, and Los Angeles, and a rule substantially like this one has been proposed for the urban centers of New York state. For a discussion of the successful operation of pre-trial procedure in relieving the congested condition of trial calendars of the courts in such cities and for the proposed New York plan, see *A Proposal for Minimizing Calendar Delay in Jury Cases* (Dec. 1936—published by the New York Law Society); *Pre-Trial Procedure and Administration,* Third Annual Report of the Judicial Council of the State of New York (1937), pages 207–243; *Report of the Commission on the Administration of Justice in New York State* (1934), pp. (288) to (290). See also *Pre-Trial Procedure in the Wayne Circuit Court,* Detroit, Michigan, Sixth Annual Report of the Judicial Council of Michigan (1936), pp. 63 to 75; and Sunderland, *The Theory and Practice of Pre-trial Procedure* (Dec. 1937) 36 Mich.L.Rev. 215–226, 21 J.Am.Jud. Soc. 125. Compare the English procedure known as the "summons for directions", *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 38a; and a similar procedure in New Jersey, N.J.S.A. 2:27–135, 2:27–136, 2:27–160; N.J. Supreme Court Rules, 2 N.J.Misc.Rep. (1924) 1230, Rules 94, 92, 93, 95 (the last three as amended 1933, 11 N.J.Misc.Rep. (1933) 955).

2. Compare the similar procedure under Rule 56(d) (Summary Judgment—Case Not Fully Adjudicated on Motion). Rule 12(g) (Consolidation of Motions), by requiring to some extent the consolidation of motions dealing with matters preliminary to trial, is a step in the same direction. In connection with clause (5) of this rule, see Rules 53(b) (Masters; Reference) and 53(e)(3) (Master's Report; In Jury Actions).

### 1983 Amendment

#### Introduction

Rule 16 has not been amended since the Federal Rules were promulgated in 1938. In many respects, the rule has been a success. For example, there is evidence that pretrial conferences may improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, and improving, as well as facilitating, the settlement process. See 6 Wright & Miller, *Federal Practice and Procedure:* Civil § 1522 (1971). However, in other respects particularly with regard to case management, the rule has not always been as helpful as it might have been. Thus there has been a widespread feeling that amendment is necessary to encourage pretrial management that meets the needs of modern litigation. See *Report of the National Commission for the Review of Antitrust Laws and Procedures* (1979).

Major criticism of Rule 16 has centered on the fact that its application can result in over-regulation of some cases and under-regulation of others. In simple, run-of-the-mill cases, attorneys have found pretrial requirements burdensome. It is claimed that over-administration leads to a series of minitrials that result in a waste of an attorney's time and needless expense to a client. Pollack, *Pretrial Procedures More Effectively Handled,* 65 F.R.D. 475 (1974). This is especially likely to be true when pretrial proceedings occur long before trial. At the other end of the spectrum, the discretionary character of Rule 16 and its orientation toward a single conference late in the pretrial process has led to under-administration of complex or protracted cases. Without judicial guidance beginning shortly after institution, these cases often become mired in discovery.

Four sources of criticism of pretrial have been identified. First, conferences often are seen as a mere exchange of